**Electronically Filed**
**Intermediate Court of Appeals**
**29531**
**10-NOV-2010**
**08:35 AM**

NO. 29530 & 29531

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
PAUL A. KECK, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR.NO. 04-1-0871 & CR. NO. 04-1-1525)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Paul A. Keck (**Keck**) appeals from the following orders of the Circuit Court of the First Circuit (**Circuit Court**), both filed on November 21, 2008: (1) Order of Resentencing in Cr. No. 04-1-0871, imposing five years for each of counts 1 through 6 and one year for count 7, counts 1 and 3 to run consecutively to each other and consecutively to counts I and II of Cr. No. 04-1-1525; and (2) Order of Resentencing in Cr. No. 04-1-1525, imposing five years of imprisonment for each of counts I and II, to run consecutively to each other and consecutively to counts 1 and 3 of Cr. No. 04-1-0871.[1]

In these consolidated appeals, Keck asserts three points of error:

(1) The Circuit Court erred in granting the State's motion for resentencing because it lacked jurisdiction to resentence Keck *de novo* following the writ of habeas corpus;

---

[1] The Honorable Steven S. Alm presided.

(2) The Circuit Court erred in denying Keck's motion for disqualification based on apparent bias; and

(3) The Circuit Court erred in twice continuing Keck's resentencing hearing, resulting in a two-and-one-half month delay that violated Keck's constitutional right to a speedy trial.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Keck's points of error as follows:

(1) Keck argues that the Circuit Court only had jurisdiction to correct the unconstitutional portions of Keck's sentence pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 35, and it lacked jurisdiction to resentence Keck *de novo*. We disagree.

The issuance of a writ of habeas corpus results in "invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement." Magwood v. Patterson, --- U.S. ---, 130 S.Ct. 2788, 2797 (2010) (internal quotation marks and citation omitted). Where a court issues a writ based on constitutional error, the remedy "should put the defendant back in the position he would have been in if the [constitutional] violation never occurred." Chioino v. Kernan, 581 F.3d 1182, 1184 (9th Cir. 2009) (internal quotation marks and citation omitted). After the federal court grants a writ, "the State may seek a new judgment (through a new trial or a *new sentencing proceeding*)." Magwood, --- U.S. at ---, 130 S.Ct. at 2797 (internal quotation marks and citation omitted) (emphasis added).

Following the issuance of the writ, Keck's original sentence was invalidated. Magwood, 130 S.Ct. at 2797. His status, in essence, reverted to that of an unsentenced felon. The Circuit Court was not limited to correcting the sentence under HRPP Rule 35 because the sentence on the extended-term counts was invalidated in its entirety. Pursuant to

HRS § 603-21.5(a)(1) (2004), the Circuit Court had plenary jurisdiction to resentence Keck *de novo*. Accord Chioino, 581 F.3d at 1183-86. We conclude that the Circuit Court did not err in resentencing Keck *de novo*.[2]

(2) Keck argues that the Circuit Court abused its discretion when it denied his motion for disqualification. Keck has not argued, either in the Circuit Court or on appeal, that there was any grounds for alleging actual bias against him. Instead, Keck argues that an appearance of bias or impropriety arises from the Circuit Court's action in twice continuing Keck's resentencing hearing, over Keck's objections, in part to allow the Hawai'i Legislature to resolve pending legislation regarding Hawai'i's extended sentencing law.

Recusal or disqualification is only appropriate where failure to do so "would create in *reasonable* minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." State v. Ross, 89 Hawai'i 371, 380, 974 P.2d 11, 20 (1998) (internal quotation marks and citation omitted). This is an objective test based on "the assessment of a reasonable impartial onlooker apprised of all the facts." Id.

The record does not support Keck's assertion that the Circuit Court's granting of the continuances created a reasonable perception that the Court was assisting the State in securing extended sentences. The court had continued similarly situated cases in order to "see what the lay of the land would be" following the outcome of the proposed legislation. In granting

---

[2] Keck brings our attention to the decision of the Hawai'i Supreme Court in State v. Hussein, 122 Hawai'i 495, 508-09, 229 P.3d 313, 326-27 (2010), ostensibly for the proposition that we review consecutive sentences with heightened scrutiny when the circuit court utilizes this "less burdensome procedural alternative" to reach the same sentence available under extended term sentencing. Id. at 508, 229 P.3d at 326. However, Keck has not made any argument challenging the substance of the consecutive sentences. Thus we deem this point waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

the continuances, the court merely sought to afford the parties in Keck's case that same opportunity. Clarity as to Hawaii's extended sentencing law could have benefitted either or both of the parties. Moreover, at the continued resentencing hearing, the Circuit Court indicated it "would be unlikely to grant the motion for extended [sentence] in any event." Ultimately, the Circuit Court denied the State's motion for an extended sentence.

In addition, Keck apparently was unavailable for the first two resentencing hearings, and the court was within its discretion to grant continuances on that basis alone.

We conclude that the Circuit Court did not abuse its discretion in denying Keck's motion for disqualification.

(3) Keck contends that the Circuit Court violated his right to a speedy trial by granting continuances that resulted in a delay of approximately two-and-one-half months.

Assuming arguendo that the right to a speedy trial encompasses resentencing proceedings, a roughly two-month delay alone is insufficient to establish a violation. Cf. Pollard v. United States, 352 U.S. 354, 361 (1957) (applying speedy trial analysis to resentencing). In its seminal case on the issue, the U.S. Supreme Court set forth a variety of balancing factors for determining whether a defendant's right to a speedy trial has been violated. Barker v. Wingo, 407 U.S. 514, 530-32 (1972). The court must weigh: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) resulting prejudice to the defendant. Id.

As a threshold matter, the length of delay functions as a "triggering mechanism." Id. at 530. If the delay is not "presumptively prejudicial," a court need not inquire further. Id. Prejudice is based on the defendant's interests in avoiding wrongful incarceration, minimizing anxiety and concern, and limiting the possibility that the defense will be impaired. Id. at 532. In the post-conviction resentencing context, Keck's

4

interests in preparing a thorough defense and avoiding wrongful incarceration are at their lowest ebb. Keck pled guilty to eight counts of class C felonies. The maximum length of imprisonment for each count was five years. HRS § 706-660 (1993). In light of the potential sentences, a two-and-one-half month delay was not presumptively prejudicial.

Even if a two-and-one-half month delay were sufficient to trigger further inquiry, the balance of factors weighs against Keck. The reason for the delay was in part because Keck was not present at the first two hearings and in part because there was an anticipated change to Hawaii's extending sentencing law, which, once enacted, could clarify matters for both parties and help avoid further delays and perhaps needless further proceedings. Although Keck objected to the continuances, there is no evidence that any prejudice resulted from the delay. We reject Keck's contention that the reason for the delay, which he characterizes as "giv[ing] the State another sentencing avenue," prejudiced him such that he was denied his right to a speedy sentence. Thus, we conclude that there was no violation of Keck's right to a speedy trial and the Circuit Court did not err in resentencing Keck.

For these reasons, we affirm the Circuit Court's orders of resentencing in Cr. Nos. 04-1-0871 and 04-1-1525.

DATED: Honolulu, Hawai'i, November 10, 2010.

On the briefs:

Earle A. Partington
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5